UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

In re:                                No. 2:07-cv-00447-MCE

LAWRENCE E. ORMSBY and
CINDY J. ORMSBY,

       Debtors.
                                      MEMORANDUM AND ORDER
LAWRENCE E. ORMSBY,

       Appellant,

   v.

FIRST AMERICAN TITLE COMPANY
OF NEVADA, a Nevada
Corporation,

       Appellee.


----oo0oo----


    Appellant Lawrence E. Ormsby ("Debtor") has appealed the Bankruptcy Court's judgment of non-dischargeability in favor of First American Title Company ("Creditor"), which is now before this Court.

///

1

Creditor had filed a Motion for Attorney Fees with the Bankruptcy Court, which subsequently, on notice of Debtor's appeal, dropped the motion from the court's calendar to be reset on twenty (20) days' notice upon completion of the appellate process.  Creditor has now filed with this Court its Motion to Withdraw the Reference re Creditor's Motion for Attorney Fees, asking this Court to consider the attorney fee issue along with the underlying appeal.[1]

**BACKGROUND**

Creditor obtained a Nevada State Court judgment against Debtor, who subsequently filed for Chapter 7 bankruptcy protection in the Bankruptcy Court for the Eastern District of California, Sacramento Division.  On October 25, 2005, Creditor filed a complaint with the Bankruptcy Court to establish that the judgment owed it by Debtor was non-dischargeable under 11 U.S.C. § 523(a)(4) and (a)(6).  On May 18, 2006, Creditor filed for Summary Judgment, which was granted by the court on November 17, 2006.  Debtor filed for reconsideration on November 22, 2006, which was denied by the court on January 30, 2007.  Debtor filed an appeal to the Bankruptcy Appellate Panel, which was followed by Creditor's filing of an election to transfer the appeal to this Court on February 22, 2007.

///

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs.  E.D. Cal. Local Rule 78-230(h).

2

1   Creditor's Motion for Attorney Fees, in which it requested
2 $66,681.30 for the work performed in pursuing the non-
3 dischargeability claim, was filed with the Bankruptcy Court on
4 December 18, 2006.  The hearing for the motion was continued to
5 July 2, 2007 to await the potentially dispositive opinion of the
6 United States Supreme Court in <u>Travelers Casualty & Surety Co. V.</u>
7 <u>Pacific Gas & Electric Co.</u>, __ U.S. __, 127 S.Ct. 1199 (2007).
8 Although the Supreme Court decision favored Creditor's position,
9 on July 11, 2007, the court dropped the Motion from the Court's
10 calendar to be reset on twenty (20) days' notice upon completion
11 of the appellate process.
12   On August 2, 2007, Creditor filed with this Court a Motion
13 to Withdraw the Reference Re Creditor's Motion for Attorney Fees
14 pursuant to 28 U.S.C. § 157(d) and Fed. R. Bankr. P. 5011(a).
15 Debtor has not filed any opposition to the motion.
16
17              **ANALYSIS**
18
19   Under 28 U.S.C. § 157(a), "[e]ach district court may provide
20 that any or all cases under title 11 and any or all proceedings
21 arising under title 11 or arising in or related to a case under
22 title 11 shall be referred to the bankruptcy judges for the
23 district."  Additionally, § 157(d) provides that "[t]he district
24 court may withdraw, in whole or in part, any case or proceeding
25 referred under this section, on its own motion or on timely
26 motion of any party, for cause shown."
27 ///
28 ///

"In determining whether cause exists, a district court should consider the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors." Security Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers, 124 F.3d 999, 1008 (9th Cir. 1997).

Creditor asserts that the efficient use of judicial resources strongly suggests that this Court hear both the underlying appeal of the Bankruptcy Court's determination of non-dischargeability of the debt owed to Creditor by Debtor, and Creditor's Motion for Attorney Fees that were incurred in achieving that result.  This Court agrees.  A court from which an appeal can be taken need not wait for a final determination to award attorney fees, but may "avoid piecemeal appeals by promptly hearing and deciding claims to attorney's fees." White v. New Hampshire Department of Employment Security, 455 U.S. 445, 454 (1982).  Given that Debtor's appeal is now before this Court, deciding Creditor's attorney fee motion upon resolution of the appeal may prevent an otherwise unnecessary return of the issue to this Court, and thereby serve the interests of judicial economy.  Doing so will prevent an unduly lengthy postponement of the fee consideration, should an appeal be again taken from the bankruptcy court, and will allow a determination of any award when the relevant circumstances will still "be fresh in the mind" of this Court. Masalosalo v. Stonewall Ins. Co., 718 F.2d 955, 957 (9th Cir. 1983).  Therefore, Creditor's Motion to Withdraw the Reference re Creditors' Motion for Attorney Fees is GRANTED.
///

**CONCLUSION**

Based on the foregoing, Creditor's Motion to Withdraw the Reference Re Creditors' Motion for Attorney Fees is GRANTED. Creditor is directed to file its Motion for Attorneys Fees with this Court.  The motion shall be noticed and briefed in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Eastern District.

IT IS SO ORDERED.

Dated: February 25, 2008

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE